# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

RASHIE T. HARRIS

CRIMINAL COMPLAINT

CASE NUMBER:   08- 69 M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about _March 30, 2008_ in the State and District of Delaware, **RASHIE T. HARRIS** did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted on or about March 20, 2006, and September 20, 2006, each crime punishable by imprisonment for a term exceeding one year, in violation of Title _18_ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am a(n) _Task Force Officer, ATF and a Special Deputy U.S Marshal_ and that this complaint is based on the following facts:

**See** attached Affidavit.

Continued on the attached sheet and made a part hereof:    Yes

_David C. Rosenblum_
David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal

F I L E D

MAR 3 1 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Sworn to before me and subscribed in my presence,

_March 31, 2008_
Date

at Wilmington, DE.
City and State

The Honorable Leonard P. Stark
Name of Judicial Officer

_____
Signature of Judicial Officer

AFFIDAVIT OF PROBABLE CAUSE

ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum, being duly sworn, states as follows:

Your affiant Detective David C. Rosenblum ("Your Affiant") has been a Wilmington Police Officer for approximately 9 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where Your Affiant has conducted over an estimated 1000 investigations into illegal narcotics and/or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court to provide expert testimony with regard to the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/or expertise in the interstate nexus required for certain federal firearms offenses.

1. Unless otherwise stated, the information in this affidavit is based upon Your Affiant's personal knowledge and conversations with other Wilmington Police Officers. Because this affidavit is solely for establishing probable cause, not all facts related to this investigation are included herein.

2. The events stated below occurred on or about March 30, 2008, in the City of Wilmington, State and District of Delaware, as stated to me by two Wilmington Police Officers.

3. Your Affiant learned from the officers that they were partners operating in the same vehicle, and were working routine patrol on March 30, 2008. As part of their patrol duties, they conducted a vehicle registration check through the Delaware Justice Information System Database ("DELJIS") on an occupied vehicle traveling in the area of 2nd and Greenhill Avenue. Through their inquiry, the officers learned that the vehicle was reported stolen. The officers reported their activity through WILCOM (dispatch) and followed the vehicle while they waited for back-up officers.

4.  After following the vehicle for several blocks, the officers then decided to perform a motor vehicle stop. The suspected stolen automobile did not stop, however, but attempted to flee. The officers reported that they pursued the vehicle at speeds exceeding 50 mph. The vehicle later stopped, at which point two individuals -- the driver and passenger -- exited the vehicle and fled on foot.

5.  One of the officers pursued the driver, later identified as the defendant RASHIE T HARRIS, while the second officer chased the passenger. The officer chasing HARRIS reported that as HARRIS ran, he was holding both hands against his left side, as if he were securing a concealed object. HARRIS ran between two parked vehicles and was observed crouching down. After discarding an item at that location, HARRIS continued to flee. HARRIS was apprehended a short distance later after being tazed. The passenger was able to elude capture.

6.  Once HARRIS was in custody, a search incident to arrest was performed. HARRIS was found to possess a blue rubber latex glove in his pants pocket. This glove was found to contain forty- seven .22 caliber rounds. After securing HARRIS, the officer responded back to where HARRIS was observed discarding an item. At that location, the officer discovered a chrome revolver on the ground. The firearm was photographed at that location and identified as an Imperial Metal Products Inc. .22 caliber short model, bearing serial number 79919. The officer reported that, during the incident, he did not see any other individuals in the area or any vehicular traffic.

7.  HARRIS was transported to Wilmington Hospital where he was treated for minor injuries as a result of the incident; thereafter, he was transported to Wilmington Police Turnkey. HARRIS provided the name Raheem White with a date of birth in 1987 to the officers and was treated under the same name. The officers were unable to locate this identity in DELJIS, so they obtained HARRIS' finger prints, which were dispatched to an FBI processing center for analysis. Once a response from the FBI processing center was received, the officers discovered HARRIS' true identity.

8.  Your Affiant responded to Wilmington Police Turnkey on March 30, 2008, and interviewed HARRIS in the presence of one of the officers involved. Your Affiant issued HARRIS his Miranda Warnings and HARRIS verbally and voluntarily consented to an interview. HARRIS stated that he was driving the above described vehicle, which he referred to as a *"bloop ride."* This officer knows from experience that a *bloop ride* is a commonly used term describing a vehicle that has been loaned to a stranger in exchange for drugs. This officer also knows from experience that *bloop rides* are seldom returned by the possessor as agreed upon during the transaction, and are often reported stolen. HARRIS stated that while he was driving the vehicle, the passenger (who was not apprehended) handed him both the firearm and glove containing the described ammunition. HARRIS indicated that he enthusiastically accepted the firearm and ammunition despite the fact he was aware that he was a felon and therefore prohibited from doing so. HARRIS refused to identify the passenger other than the name *"cow."*

10. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, Your Affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate or foreign commerce. Further, Your Affiant examined the firearm and it appeared operable.

Wherefore, based upon Your Affiant's training and experience, Your Affiant believes that there is probable cause to believe that the defendant violated: (1) 18 U.S.C. 922(g)(1), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging this offense.

David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal


Sworn to and subscribed in my presence
this 31st day of March 2008

The Honorable Leonard P. Stark
United States Magistrate Judge